UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GIBRINE ANABA,

        Plaintiff,

        -against-

**ORDER**
11-CV-1987 (ADS)(GRB)

COUNTY OF SUFFOLK, DET. MARK
BENDETTI SHIELD NO. 1364, P.O. LLOYD
ALLEN, DET. LIEUTENANT MATT
SULLIVAN, DET. BRANDON O'HARA,

        Defendants.
----------------------------------------------------------X

**Law Office of Jon L. Norinsberg**
*Attorneys for the Plaintiff*
225 Broadway, Suite 2700
New York, NY 10007
   By:   Jon L. Norinsberg, Esq., Of Counsel

**Suffolk County Attorney's Office**
*Attorneys for the Defendants*
P.O. Box 6100
H. Lee Dennison Building-Fifth Floor
100 Veterans Memorial Highway
Hauppauge, NY 11788
   By:   Arlene S. Zwilling, Assistant County Attorney

**SPATT, District Judge.**

      On April 22, 2011, the Plaintiff Gibrine Anaba (the "Plaintiff") commenced this action against the Defendants County of Suffolk; Detective Mark Bendetti, Shield No. 1364; Police Officer Lloyd Allen, Detective Lieutenant Matt Sullivan; and Detective Brandon O'Hara (the "Defendants"). The Plaintiff seeks compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights under the United States Constitution and the New York State Constitution. In this regard, the Plaintiff alleges, among other things, that he was falsely arrested and maliciously prosecuted for allegedly raping his girlfriend.

      On January 15, 2013, United States Magistrate Judge Gary R. Brown issued a <u>sua sponte</u> Report and Recommendation (the "Report") recommending that this Court dismiss this action be

dismissed in its entirety.  Judge Brown made this recommendation upon discovering that after a multi-day hearing at which the Plaintiff had a full and fair opportunity to litigate the matters at issue here, the New York State Family Court judge concluded that the Plaintiff did rape and assault his girlfriend in front of their children.  Accordingly, Judge Brown determined that the Plaintiff's claims were barred due to collateral estoppel, which precluded him from revisiting whether the rape and assault of his girlfriend were fabricated.   As a consequence, the Plaintiff could not argue that there was no probable cause for his arrest or for his prosecution.   To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Brownl's Report and finds it to be persuasive and without any legal or factual errors.  There being no objection to Judge Brown's Report, it is hereby

**ORDERED**, that Judge Brown's Report and Recommendation is adopted in its entirety.  The Court dismisses this action with prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 11, 2014

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge
